IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | |
| Plaintiff, | : | |
| v. | : | **Civil No.** |
| **$8,407.00 in U.S. CURRENCY,** | : | |
| Defendant. | : | |

: : : : : : :

## VERIFIED COMPLAINT FOR FORFEITURE

Plaintiff, the UNITED STATES OF AMERICA, by its attorneys, Rod Rosenstein, United States Attorney for the District of Maryland, and Stefan D. Cassella, Assistant United States Attorney, brings this complaint and alleges as follows in accordance with Supplemental Rule G(2) of the Federal Rules of Civil Procedure:

## NATURE OF THE ACTION

1. This is a civil forfeiture action against United States currency that is the proceeds of unlawful drug trafficking and is forfeitable pursuant to 21 U.S.C. § 881.

## THE DEFENDANTS *IN REM*

2. The defendant is $8,407.00 in United States currency (hereinafter, "the Defendant Currency") seized on May 27, 2014, by the Maryland State Police Department during a traffic stop of a grey Hyundai bearing Maryland registration 3BF2746 and operated by Letitia Curtis of 722 Riverside Road, Apartment B, Salisbury, Maryland.

3. The Defendant Currency is presently in the custody of the Drug Enforcement Administration in Maryland.

## JURISDICTION AND VENUE

4. Plaintiff brings this action *in rem* in its own right to forfeit and condemn the Defendant Currency. This Court has jurisdiction over an action commenced by the United States under 28 U.S.C. § 1345, over an action for forfeiture under 28 U.S.C. § 1355(a), and over this particular action under 21 U.S.C. § 881.

5. This court has *in rem* jurisdiction over the Defendant Currency under 28 U.S.C. § 1355(b). Upon the filing of this complaint, the plaintiff requests that the Court issue an arrest warrant *in rem* pursuant to Supplemental Rule G(3)(b), which the plaintiff will execute upon the property pursuant to 28 U.S.C. § 1355(d) and Supplemental Rule G(3)(c).

6. Venue is proper in this district pursuant to 28 U.S.C. § 1355(b)(1), because the acts or omissions giving rise to the forfeiture occurred in this district and pursuant to 28 U.S.C. § 1395 because the property is located in this district.

## BASIS FOR FORFEITURE

7. The Defendant Currency is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6) because it constitutes: (1) money, negotiable instruments, securities and other things of value furnished and intended to be furnished in exchange for a controlled substance in violation of the Controlled Substances Act; (2) proceeds traceable to such an exchange; or (3) money, negotiable instruments, and securities used and intended to be used to facilitate a violation of the Controlled Substances Act.

## FACTS

8.  The forfeiture is based upon, but not limited to, the evidence outlined in the attached Declaration of Joel J. Bolden, Special Agent of the Drug Enforcement Administration, which is incorporated herein by reference.

**WHEREFORE**, plaintiff, the United States of America, prays that all persons who reasonably appear to be potential claimants with interests in the Defendant Currency be cited to appear herein and answer the Complaint; that the Defendant Currency be forfeited and condemned to the United States of America; that upon Final Decree of Forfeiture, the United States Marshals Service dispose of the Defendant Currency according to law; and that the plaintiff have such other and further relief as this Court deems proper and just.

Date: 10/31/14

Respectfully submitted,

Rod J. Rosenstein
UNITED STATES ATTORNEY
District of Maryland

*/s/ Stefan D. Cassella*
Stefan D. Cassella
Assistant United States Attorney
36 South Charles Street
Fourth Floor
Baltimore, Maryland 21201
Tel: (410) 209-4800

## **DECLARATION**

This affidavit is submitted in support of a complaint for forfeiture of $8,407.00 in United States currency.

I, Joel J. Bolden, Special Agent of the Drug Enforcement Administration, submit that there are sufficient facts to support a reasonable belief that the $8,407.00 in United States currency constitutes: (1) money, negotiable instruments, securities and other things of value furnished and intended to be furnished in exchange for a controlled substance in violation of the Controlled Substances Act; (2) proceeds traceable to such an exchange; or (3) money, negotiable instruments, and securities used and intended to be used to facilitate a violation of the Controlled Substances Act in violation of 21 U.S.C. § 841 and thus is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6).

- a. On May 27, 2014, the Drug Enforcement Administration ("DEA") conducted surveillance of Nigel Allen ("Allen"). Allen was the target subject of a Maryland wiretap drug trafficking investigation and the May 27, 2014 surveillance was conducted based upon intercepted communications of Allen on that date.

- b. During the course of the May 27, 2014 surveillance, DEA officers observed Allen meeting with persons in two vehicles: a black Chevrolet Tahoe and a gray Hyundai.

- c. The gray Hyundai had Maryland registration 3BF2746. A registration check conducted through the Maryland Motor Vehicle Administration indicated the vehicle was registered to Letitia Curtis of 722 Riverside Road, Apartment B,

Salisbury, Maryland, and Dechryl Ann Curtis of 812 Oneida Avenue, Salisbury, Maryland. During the course of the surveillance, officers observed a female, later identified as Letitia Curtis, driving the gray Hyundai.

d. Officers observed the gray Hyundai and the black Chevrolet Tahoe arriving at the vicinity of St. Regis Road and Marquette Road, Baltimore, Maryland. An individual placed two travel suitcases into the trunk of the gray Hyundai.

e. Upon departing from the vicinity of St. Regis Road and Marquette Road, Baltimore, Maryland, the gray Hyundai traveled to southbound I-895 and to southbound I-97. The Maryland State Police conducted a vehicle stop of the gray Hyundai for driving at a slow speed, which impeded normal and reasonable traffic movement, as well as failure to keep to the right of traffic at the slow speed.

f. During the course of the vehicle stop, Maryland State Police Trooper Treleaven identified the driver of the gray Hyundai as Letitia Curtis. Maryland State Police Trooper Fohs along with narcotics trained K-9 "Euro" conducted a narcotics scan of the Hyundai. The K-9 alerted positively to the presence of the odor of narcotics.

g. Officers subsequently conducted a probable cause search of the gray Hyundai.

h. Officers seized approximately 31 pounds of marijuana from the suitcases in the trunk of the grey Hyundai.

i. Officers also located in the interior of the vehicle Letitia Curtis's purse containing United States currency. Officers seized $8,407.00 in United States currency from Letitia Curtis.

j. Letitia Curtis was charged with possession of marijuana and possession with intent to distribute marijuana in Anne Arundel County, Maryland.

k. Letitia Curtis was arrested on June 27, 2014, pursuant to a State of Maryland arrest warrant related to the wiretap investigation of Nigel Allen and her involvement with the possession and transport of approximately 31 pounds of marijuana. Letitia Curtis currently has pending charges in Baltimore City and still pending charges in Anne Arundel County related to this drug trafficking investigation and incident.

l. A wage history check for Letitia Curtis was conducted indicating that she had earnings of $17,012.00 for 2013. No reported wages for 2014 could be located.

I DECLARE UNDER PENALTY OF PERJURY PURSUANT TO TITLE 28 U.S.C. § 1746 THAT THE FACTS SUBMITTED BY THE DRUG ENFORCEMENT ADMINISTRATION, IN REFERENCE TO THE SEIZURE OF $8,407.00 IN UNITED STATES CURRENCY FROM LETITIA CURTIS ARE ACCURATE, TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE, INFORMATION AND BELIEF.

Joel S. Bolden
Special Agent
Drug Enforcement Administration

## **VERIFICATION**

I, John J. Truex Chung, declare under penalty of perjury as provided by 28 U.S.C. § 1746, that the foregoing Verified Complaint for Forfeiture is based on reports and information furnished to me by the Drug Enforcement Administration and that everything contained therein is true and correct to the best of my knowledge and belief.

Date: 10/31/2014

*John J. Truex Chung*
John J. Truex Chung
Contract Attorney
Forfeiture Support Associates, LLC

U.S. Department of Justice
United States Marshals Service

**PROCESS RECEIPT AND RETURN**
*See "Instructions for Service of Process by U.S. Marshal"*

| PLAINTIFF | COURT CASE NUMBER |
|---|---|
| United States of America | |
| **DEFENDANT** | **TYPE OF PROCESS** |
| $8,407.00 in U.S. Currency | Verified Complaint in Rem |

**SERVE AT**

NAME OF INDIVIDUAL, COMPANY, CORPORATION. ETC. TO SERVE OR DESCRIPTION OF PROPERTY TO SEIZE OR CONDEMN
GC-13-0158/14-DEA-599139

ADDRESS *(Street or RFD, Apartment No., City, State and ZIP Code)*

SEND NOTICE OF SERVICE COPY TO REQUESTER AT NAME AND ADDRESS BELOW

Jennifer Stubbs, Paralegal Specialist
U.S. Attorney's Office
36 S. Charles Street, 4th Floor
Baltimore, Maryland 21201

| Number of process to be served with this Form 285 | |
| Number of parties to be served in this case | |
| Check for service on U.S.A. | |

SPECIAL INSTRUCTIONS OR OTHER INFORMATION THAT WILL ASSIST IN EXPEDITING SERVICE *(Include Business and Alternate Addresses, All Telephone Numbers, and Estimated Times Available for Service):*

Signature of Attorney other Originator requesting service on behalf of: ☐ PLAINTIFF ☐ DEFENDANT

TELEPHONE NUMBER: 410-209-4800
DATE: 11/4/14

**SPACE BELOW FOR USE OF U.S. MARSHAL ONLY-- DO NOT WRITE BELOW THIS LINE**

I acknowledge receipt for the total number of process indicated. *(Sign only for USM 285 if more than one USM 285 is submitted)*

| Total Process | District of Origin No. | District to Serve No. | Signature of Authorized USMS Deputy or Clerk | Date |
|---|---|---|---|---|

I hereby certify and return that I ☐ have personally served, ☐ have legal evidence of service, ☐ have executed as shown in "Remarks", the process described on the individual, company, corporation, etc., at the address shown above on the on the individual, company, corporation, etc. shown at the address inserted below.

☐ I hereby certify and return that I am unable to locate the individual, company, corporation, etc. named above *(See remarks below)*

Name and title of individual served *(if not shown above)*

☐ A person of suitable age and discretion then residing in defendant's usual place of abode

Address *(complete only different than shown above)*

Date    Time    ☐ am  ☐ pm

Signature of U.S. Marshal or Deputy

| Service Fee | Total Mileage Charges including *endeavors* | Forwarding Fee | Total Charges | Advance Deposits | Amount owed to U.S. Marshal* or (Amount of Refund*) |
|---|---|---|---|---|---|
| | | | | | $0.00 |

REMARKS:

**DISTRIBUTE TO:**
1. CLERK OF THE COURT
2. USMS RECORD
3. NOTICE OF SERVICE
4. BILLING STATEMENT*: To be returned to the U.S. Marshal with payment, if any amount is owed. Please remit promptly payable to U.S. Marshal.
5. ACKNOWLEDGMENT OF RECEIPT

PRIOR EDITIONS MAY BE USED

Form USM-285
Rev. 11/13

**MEMORANDUM**

| | |
|---|---|
| DATE: | November 4, 2014 |
| TO: | Kristine Cupp<br>U.S. Marshal Service |
| FROM: | Jennifer Stubbs<br>Paralegal Specialist<br>U.S. Attorney's Office - District of Maryland |
| RE: | **U.S. v. $8,407.00 in U.S. CURRENCY** |
| | **Civil Action No.** |
| | **CATS ID 14-DEA-599139**<br>**Agency Case No. - GC-13-0158** |

     The United States has filed a forfeiture action against **$8,407.00 in U.S. CURRENCY**. A copy of the Complaint for Forfeiture is attached.

     Notice of this seizure will be published at www.forfeiture.gov pursuant to Rule G of the Supplemental Rules for Admiralty or Maritime and Asset Forfeiture Claims.

     Thank you.

Attachment

1